**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DILAN AMPARAN, ISMAEL SOLTERO AMPARAN, and CHRISTOPHER PEREZ,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CR-26-315-D |

**ORDER**

Before the Court is the First Joint Motion for Continuance of Jury Trial. [Doc. No. 53]. Defendants seek a continuance of their trial from the October 2026 trial docket, to the December 2026, trial docket. Defendants Ismael Soltero Amparan and Dilan Amparan submitted separate waivers of speedy trial [Doc. Nos. 54, 55], acknowledging their rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay. Defendant Christopher Perez has not yet submitted a waiver of speedy trial. However, Defense Counsel represents to the Court that he shall submit Defendant's waiver of speedy trial before October 10, 2026.

Upon consideration of the motion, the case record, and Defendant Christopher Perez's counsel's representation, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the motion that denying Defendants' request would deprive

them of a reasonable amount of time needed for effective investigation, motion practice, trial preparation, and possible negotiation of a resolution of the charges in the Indictment, taking into account the exercise of due diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the motion would likely deprive Defendants of effective representation of counsel and result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the time period from October 13, 2026, to December 1, 2026, shall be excluded for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the First Joint Motion for Continuance of Jury Trial [Doc. No. 53] is **GRANTED**. This case is stricken from the October 13, 2026, trial docket and reset on the Court's December 1, 2026, trial docket. The parties shall file all pretrial motions on or before November 10, 2026, and all other pretrial filings shall be submitted in accordance with the Court's Local Criminal Rules.

**IT IS SO ORDERED** this 9th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE