**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. CR-26-315-D
)
DILAN AMPARAN, )
ISMAEL SOLTERO AMPARAN, )
AND CHRISTOPHER PEREZ )
)
Defendants. )

## ORDER

Before the Court is the parties' Second Joint Motion for Continuance of Trial [Doc. No. 68]. For the reasons stated therein, the motion is **GRANTED**, and this matter is **STRICKEN** from the December 1, 2026 jury trial docket and continued to the February 9, 2027 jury trial docket.

## BACKGROUND

The parties previously moved for a continuance of trial on September 22, 2026. [Doc. No. 53]. That motion was granted continuing the jury trial to December 1, 2026. [Doc. No. 56]. Then on October 20, 2026, a grand jury returned a three-count superseding indictment charging Defendants with drug conspiracy, possession of marijuana with intent to distribute, and using/carrying/brandishing and discharging a firearm during a drug-related crime. [Doc. No. 58]. Defendants Dilan and Ismael Amparan appeared for arraignment before United States Magistrate Judge Suzanne Mitchell on October 26, 2026,

and were detained pending trial. [Doc. Nos. 62, 64]. Defendant Christopher Perez appeared for arraignment before United States Magistrate Judge Shon T. Erwin on November 3, 2026, and was detained pending trial. [Doc. No. 66].

On November 16, 2026, the parties filed the instant Motion to continue the jury trial to the February 2027 jury trial docket. [Doc. No. 68]. Defense counsel represents Defendants need additional time to prepare for trial. *Id*. However, both parties believe additional time will also "allow for a likely resolution of this case with a plea agreement as to all parties," dispensing with the need for a jury trial. *Id*. at p. 3. Defendants have each executed an Acknowledgement and Waiver of Right to Speedy Trial [Doc. Nos. 54–55, 57].

**ANALYSIS**

Upon consideration of the motion and the ends of justice, the Court finds that the need for a continuance outweighs the best interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). For the reasons fully set forth in the motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny Defendants' counsel the reasonable time necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice.

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and (C), and has concluded that the requested continuance is fully

consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice to Defendants, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act.

## CONCLUSION

Accordingly, this case is stricken from the December 1, 2026 jury trial docket and is rescheduled to the February 9, 2027 jury trial docket.

**IT IS SO ORDERED** this 23rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE